# Conrad Schnell

## *v.*

## Joseph Schlernitzauer.

82    439
102a   [1]110

1. Retaining fee—*only one properly chargeable.* It is not usual for an attorney to charge more than one retaining fee in the same case, and if he charges more than one, he will not be allowed to recover such extra charge in a suit for his services.

2. Attorney at law—*fees.* A charge of fifty dollars by an attorney, for drawing and filing an appeal bond, is exorbitant; and where an attorney recovered a judgment in a suit on an account for professional services rendered, in which account were three retainers in the same case, and a charge of fifty dollars for preparing and filing an appeal bond, the judgment will

be reversed for reason that only one retainer is allowable, and the charge for the appeal bond was unreasonable.

3. EVIDENCE—*it is proper for party to explain his acts, by showing a misapprehension of facts.* It is proper for a defendant, who is shown to have promised to pay the plaintiff's bill, to testify that, at the time he made such promise, he had not discovered errors in the bill which he afterwards discovered, and the court should permit such testimony to go to the jury.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. A. D. CARTER, for the appellant.

Mr. JOSEPH SCHLERNITZAUER, *pro se.*

Mr. JUSTICE BREESE delivered the opinion of the Court :

This action was originally brought before a justice of the peace of Cook county, and taken, by appeal, to the circuit court, where a judgment was rendered in favor of the plaintiff, and against the defendant, on the finding of a jury, for one hundred and thirteen dollars, to reverse which the defendant appeals.

The claim of plaintiff, it appears, was for professional services as a lawyer. The plaintiff was his own and principal witness on the main facts, and his testimony exhibits a case not very favorable to him. It does not appear, from the record, that plaintiff had more than one case in his charge much litigated, in which the defendant was interested, and that was a simple case of a mechanic's lien, involving no difficulties and requiring no particular skill in its management. Nominally, there were two such cases, one in favor of Clements, the other in favor of Ellickson, but they were consolidated and tried as one, and became one case, and, as far as the record shows, were by no means troublesome or intricate. For his services rendered appellant in all his cases, he made out a bill against him of six hundred and sixty-five dollars. To make up this amount, he charged two hundred dollars for trying the Clements case in the circuit court, in relation to which he claimed twenty-five dollars per day attending the trial, and claimed he was

employed six and one-half days therein. Abundant testimony, as well as the records of the court, show, most conclusively, but three and one-half days were so consumed, which would amount to eighty-seven and one-half dollars, a difference of one hundred and twelve dollars fifty cents against appellee. This difference deducted from his bill of six hundred and sixty-five dollars, leaves five hundred and fifty-two dollars fifty cents, from which is to be deducted the amount appellee admits appellant had paid on account, which was five hundred and thirty-two dollars. A balance of twenty dollars and fifty cents only would remain. The jury found a verdict for one hundred and thirteen dollars.

Among the items of plaintiff's account, is a charge of fifty dollars for drawing and filing an appeal bond, a sum seemingly grossly in excess of what is just and right.

The several accounts made out by appellee against appellant are before us, in one of which charges are made for moneys paid out, which plaintiff admitted he had never paid, and he also admits an error of fifty dollars in adding up the several items. The accounts exhibited show extraordinary and exorbitant charges. For instance, on April 16, 1872, the plaintiff made a charge of twenty-five dollars, "for retainer and pleas in case of A. F. Suberger against Schnell;" on May 15, another charge of twenty-five dollars, " for retainer and answer" in the same case; and on June 30, a like charge to "retainer and pleas" in the same case. It is believed it is not usual to charge against a party more than one retaining fee in a given case; all beyond that is not allowable. Consequently, instead of seventy-five dollars being charged against appellant, he should have been charged with only one retaining fee.

We can not but think, appellant, in paying to appellee five hundred and thirty-two dollars for professional services, in which was included these extra retaining fees, and fifty dollars for filing an appeal bond, has paid appellee much more than he was entitled to receive, and he ought to be compelled to refund it.

A point is made, by appellant, on the refusal of the court

to permit the defendant, when on the stand, to answer this question: "When the plaintiff presented his bill to you, and you promised to pay the same, had you then discovered the errors in his bill, and did you believe at that time that said bill was correct?"

We can not perceive any objection to this question. It is always allowable to show a mistake of fact, and to urge that an admission claimed to have been made by a party sought to be charged was made under a misapprehension of the facts. In this case, it is very apparent appellant could never have made the admission, had he known the true state of the facts, which appellee failed to state in his bill.

We are of opinion, great injustice has been done in this case. The judgment in favor of appellee ought not to stand, as the facts show a balance fairly due appellant of near seventy dollars.

The judgment is reversed, and the cause remanded, that a new trial may be had.

*Judgment reversed.*